### COMMONWEALTH *vs.* ROXANA TOWER & another

Two or more persons may be jointly guilty of being common sellers of wine and spirit ous liquors, without being first licensed as such according to law, and may be jointly indicted for that offence, on the Rev. Sts. *c.* 47, § 1.

An indictment on the Rev. Sts. *c.* 47, § 1, may well allege that the defendants presumed to be, and were, common sellers, &c. on a certain day, and on divers other days and times between that day and the day of the finding of the indictment.

And where such indictment alleged that the defendants presumed to be and were common sellers of wine, brandy, &c., " to be used in their dwelling-house by them used and occupied, without being first licensed therefor according to law," it was *held*, that the allegation of want of license applied to the sale of liquors, and not to the occupation of the house, and that it negatived a license to either of the defendants, as well as a license to them jointly.

THE defendants were found guilty, by the jury, in the court of common pleas, on an indictment which alleged that " Roxana Tower and Caroline Leonard, both of Canton, in the county of Norfolk, spinsters, at Canton aforesaid, on the 1st day of May last past," (1843,) " and on divers other days and times between that day and the day of taking this inquisition, did presume to be, and were, common sellers of wine, brandy, rum and other spiritous liquor, to be used and drank in the dwelling-house of them the said Roxana and Caroline there situate, and by them the said Roxana and Caroline then and there actually used and occupied, without being first duly licensed therefor according to law ; against the peace," &c. The defendants moved that judgment be arrested for the insufficiency of the indictment. This motion was overruled, and the defendants thereupon alleged exceptions.

*J. P. Bishop*, for the defendants.

*Wilkinson*, (District Attorney,) for the Commonwealth.

DEWEY, J. 1. It is no valid objection to this indictment, that it includes two persons. The acts therein charged, as constituting the offence, may well be done by two or more jointly ; and wherever several may join in the offence, they may properly be united in the same indictment.

2. The objection that this indictment is bad because it avers the offence to have been committed " on the 1st day of May last past, and on divers other days and times between that day and the day of taking this inquisition," cannot avail. It is no objec-

tion that such continuous charge is made, and it accords with the forms usually adopted. Such was the case in *Commonwealth* v. *Pray*, 13 Pick. 359, and *Commonwealth* v. *Odlin*, 23 Pick 275 ; and it seems well adapted to the description of the offence.

3. It is then contended that the negative averment required to constitute a good indictment for the offence, viz. the allegation that the party was not duly licensed to make such sale, was not properly set forth in this indictment. The argument as· sumes that the allegation, " without being first duly licensed therefor,"· must, by strict grammatical rules, apply to the next antecedent sentence, and therefore only qualifies the allegation that the defendants occupied a certain dwelling-house, and does not negative their authority to sell spiritous liquor. This is a reading of the indictment which we cannot sanction. The dwelling-house is introduced as the place where the liquor was used ; and the averment, " without being first duly licensed there· for," clearly refers to the sale of the liquors, and not to the place where they were used. See *The State* v. *Jernigan*, 3 Murph. 19.

4. It is then said, that if this negative averment be not insuf- ficient for the reasons last stated, it is defective, inasmuch as it only negatives a joint license to the two, and that this would be true, although one of the defendants had been duly licensed. Now, it seems quite clear that this is only a formal objection, as upon proof of a license to either of the defendants, such license would constitute, as to that defendant, a good defence to this indictment. Further ; we think that although it would have been more technically correct to have alleged that the de- fendants had not, nor either of them, any license to sell spirit- ous liquors, yet the allegation, in its present form, may be well taken to apply to both, and that individually and severally, as well as jointly.

*Exceptions overruled.*